IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCE CAMASTRO,
GROVE TERRACE CAFÉ, INC.
and CAMASTRO ADVERTISING,

       Plaintiffs,

v.                                Civil Action No. 5:14CV67
                                          (STAMP)
WEST VIRGINIA ALCOHOL
BEVERAGE CONTROL COMMISSION,
THE CITY OF WHEELING,
OHIO COUNTY COMMISSION,
WHEELING BOARD OF ZONING APPEALS,
LAMAR ADVERTISING,
ROBERT BAUMGARDNER, ANDY McKENZIE,
NICK SPARACHANE, JACK LIPPHART,
RUSTY JEBBIA, ROBERT HERRON,
PAUL McINTIRE, GREGG STEWART,
CARL WORTHY PAUL,
CORPORAL JAMES DEAN,
CORPORAL E.M. McFARLAND,
TOM CONNELLY, BARRY CROW
and CLIFF RECTOR,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTIONS TO DISMISS,**
**DEFERRING DECISION ON CERTAIN**
**DEFENDANTS' MOTION FOR SANCTIONS AND**
**DENYING PLAINTIFFS' PETITION FOR A WRIT OF MANDAMUS**

I.  Procedural History

The plaintiffs, Vince Camastro, Grove Terrace Café, Inc., and

Camastro Advertising (collectively, "the plaintiffs"), allegedly

proceeding pro se,[1] filed this civil action in this Court on May

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1416 (10th ed. 2014).

22, 2014.  In their complaint, the plaintiffs seek a declaratory judgment that the plaintiffs Vince Camastro and Grove Terrace Café were "bona fide applicants" for West Virginia video lottery and liquor licenses and an order mandating that the plaintiffs Vince Camastro and Grove Terrace Café receive such licenses.  Further, plaintiffs seek compensatory damages of one hundred million dollars ($100,000,000.00), punitive damages of one hundred million dollars ($100,000,000.00), and attorneys' fees against the defendants.

In response to the plaintiffs' complaint, the following defendants filed motions to dismiss at issue here.  Because of the number of the defendants and their motions, a list is provided to simplify who filed which motion to dismiss.

| "Defendants A"[2] | |
|---|---|
| Corporal James Dean | Corporal E.M. McFarland |

| "Defendants B"[3] | |
|---|---|
| West Virginia Alcohol Beverage Control Commission | Robert Baumgardner |

---

[2]ECF No. 10 (filed on June 16, 2014).

[3]ECF No. 14 (filed on June 25, 2014).

| "Defendants C"[4] | |
|---|---|
| The City of Wheeling | The Wheeling Zoning Board |
| Barry Crow | Andy McKenzie |
| Nick Sparachane | Jack Lipphart |
| Rusty Jebbia | Robert Herron |
| Paul McIntire | Tom Connelly |

| "Defendants D"[5] | |
|---|---|
| Ohio County Commission | Gregg Stewart |

| "Defendant E"[6] |
|---|
| Cliff Rector |

| "Defendant F"[7] |
|---|
| Carl Worthy Paul |

| "Defendant G"[8] |
|---|
| Lamar Advertising |

---

[4]ECF No. 29 (filed on June 26, 2014).

[5]ECF No. 33 (filed on June 26, 2014).

[6]ECF No. 43 (filed on July 8, 2014).

[7]ECF No. 63 (filed on August 8, 2014).

[8]It should be noted that Lamar Advertising did not file a motion to dismiss. However, for uniformity and clarity purposes, it has been added to the table of defendants listed above.

Following these motions to dismiss, the plaintiffs filed several motions for extensions of time to file responses to the defendants' motions. This Court then entered a Roseboro notice to the plaintiffs on July 17, 2014, who again are proceeding pro se, regarding each of these pending motions. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). In the Roseboro notice, this Court made explicitly clear that the plaintiffs must respond to these motions to dismiss by September 2, 2014, or potentially face dismissal of their civil action. As a result of the Roseboro notice, this Court denied the plaintiffs' motions for extension of time to file as moot. Later, the plaintiffs filed another motion for an extension of time to respond to the various motions to dismiss. ECF No. 67. This Court granted that motion, and provided yet another Roseboro notice that applied to all of the currently pending motions to dismiss. ECF No. 68. That order provided the plaintiffs an additional 45 days to respond, as well as directed the corporate plaintiffs to obtain counsel. As of the writing of this memorandum opinion and order, this Court has yet to receive any response from the plaintiffs regarding any of the defendants' motions to dismiss or this Court's prior order and Roseboro notice. Thus, the plaintiffs appear to be proceeding pro se, and the corporate plaintiffs, to this Court's knowledge, lack counsel.

In Defendants A's motion to dismiss, they argue that (1) the statute of limitations bars the plaintiff Camastro's claims for

false arrest and conspiracy to deprive him of his civil rights under 42 U.S.C. § 1983 ("§ 1983"), (2) the plaintiffs failed to sufficiently allege facts to support the conspiracy claim, and (3) because the plaintiffs Grove Terrace Café and Camastro Advertising are corporate entities, they must be represented by counsel and cannot proceed pro se. In Defendants B's motion to dismiss, they assert that the plaintiffs' civil rights claims under § 1983 are barred by the statute of limitations. Further, Defendants B also claim that because the plaintiffs Grove Terrace Café and Camastro Advertising are corporate entities, they must be represented by counsel and cannot proceed pro se. Defendants C claim that under the Rooker-Feldman doctrine, federal courts are barred from reviewing issues presented to and decided by a state court. Further, Defendants C also assert that (1) res judicata and collateral estoppel apply and (2) that under Rule 12(b)(6), the plaintiffs failed to state a claim upon which relief may be granted. In addition, Defendants C also included within their motion to dismiss a motion for Rule 11 sanctions, arguing that the plaintiffs have filed many frivolous civil actions against them. Therefore, Defendants C request that this Court impose a prefiling injunction against the plaintiffs as well as require the plaintiffs to pay Defendants C's attorneys' fees and expenses.

In Defendants D's motion, they argue that (1) the statute of limitations bars the plaintiffs' civil rights claim under § 1983

and their conspiracy claim, (2) the plaintiffs failed to sufficiently allege facts to support their conspiracy to intentionally interfere with the plaintiffs' business relations, and (3) because the plaintiffs Grove Terrace Café and Camastro Advertising are corporate entities, they must be represented by counsel and cannot proceed <u>pro se</u>. In Defendant E's motion to dismiss, the defendant asserts that the statute of limitations bars the plaintiffs' claim. Finally, in Defendant F's motion to dismiss, he argues the following: (1) the corporate plaintiffs' claims must be dismissed because as corporate entities they cannot proceed <u>pro se</u>; (2) that the plaintiffs only named Defendant F in the complaint and assert no factual allegations against him; and (3) that Defendant F has absolute immunity against the wrongful and malicious prosecution claims asserted against him.

## II.  <u>Facts</u>

The plaintiffs in this action allege that their various causes of action began in 1997. However, each cause of action generally has its own facts that do not proceed in a chronological order. Rather, the facts in the plaintiffs' complaint center around alleged civil rights violations by the various defendants that sporadically occurred. These alleged violations generally have specific facts as to each group of the defendants.

A.    Trespass by Defendants C and D

Since 1996, the plaintiffs claim that Defendants C and D and their customers and employees illegally parked vehicles on, near, and around his property, thus allegedly trespassing.  Further, the plaintiffs assert that Defendants C and D destroyed their "No Trespassing" signs, and later "maliciously and wantonly" denied the plaintiffs a zoning variance for parking.

B.    Conspiracy to Violate Plaintiffs' Civil Rights

Later, in February 2000, Defendants C and D allegedly engaged in an ongoing conspiracy to violate the plaintiffs' civil rights. Specifically, the defendants allegedly colluded with private individuals and continued to engage in wrongful and discriminatory acts against the plaintiffs.  According to the plaintiffs, these acts occurred from May 2000 to September 2012, and included (1) "misapplying zoning and permitting ordinances," (2) removing billboards that the plaintiffs bought with text claiming the public officials of Wheeling were corrupt, (3) denying the plaintiffs zoning permits, and (4) prosecution for "false swearing."  ECF No. 1. Because of these allegedly repeated patterns of abuse, the plaintiff Camastro suffered great emotional pain and suffering that aggravated his various pre-existing disabilities.  These actions, in addition to adopting stricter ordinances at the time the plaintiffs continued to apply for lottery and liquor licenses, violated their civil rights.  In addition to violating their civil

rights, the plaintiffs argue that Defendants C and D's actions equate to intentionally interfering with their business relations.[9]

C.   Denial of Video Lottery and Liquor Licenses

During the alleged conspiracy, the plaintiffs claim that on November 26, 2003, they completed an application to obtain a video lottery license and a liquor license for their business.  However, on June 14, 2008, Defendants B denied the application.   The plaintiffs allege that Defendants B "willfully, wantonly, and maliciously" denied the application and consequently, the plaintiffs suffered a civil rights violation of their expectation of engaging in a video lottery and liquor business.  ECF No. 1.

D.   Arrest for False Swearing

Finally, in September 2011, the plaintiffs claim that Defendants A engaged in both a conspiracy to violate and actually did violate the plaintiff Camastro's civil rights by arresting him for false swearing.

III.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of

---

[9]The plaintiffs do not state how these defendants interfered or with what specific business relations the actions allegedly interfered.

a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. In addition, a "document filed <u>pro se</u> is 'to be liberally construed.'" <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007)(quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Thus, the allegations of a <u>pro se</u> complaint are held to a less stringent standard than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)(per curiam).

### IV. <u>Discussion</u>

As mentioned earlier, all of the defendants, with the exception of Defendant G, filed motions to dismiss the plaintiffs' various causes of action. Those motions are considered below. For the reasons listed below, this Court will grant the defendants' motions to dismiss.

A. <u>Defendants' Motions to Dismiss</u>

1. <u>Defendants A's Motion to Dismiss</u>

In the complaint, the plaintiff Vince Camastro alleges that Defendants A falsely arrested him under a charge of false swearing. Further, the plaintiff Camastro alleges that (1) the arrest

violated his civil rights and (2) Defendants A conspired to violate such rights. Thus, he asserts that Defendants A should be assessed punitive damages as well as pay the plaintiffs' reasonable attorneys' fees. In response, Defendants A filed a motion to dismiss the plaintiffs' civil action, arguing the following: (1) the statute of limitations concerning the false arrest claim and conspiracy claim bars the plaintiffs' civil action, (2) the plaintiffs failed to sufficiently allege the conspiracy claim, and (3) because the plaintiffs Grove Terrace Café and Camastro Advertising are corporate entities, they must be represented by counsel.

Under West Virginia law, the tort of false arrest falls under a one-year statute of limitations. <u>Wilt v. State Auto. Mut. Ins. Co.</u>, 506 S.E.2d 608, 613 (1998) (citing W. Va. Code § 55-2-12(c) (2012)). Further, West Virginia law requires that a court consider a five-step process to determine if a claim is time barred:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court . . . should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action . . . Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled.

And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

Syl. Pt. 2, <u>Mack-Evans v. Hilltop Healthcare Ctr., Inc.</u>, 226 W. Va. 257, 259, 700 S.E.2d 317, 319 (2010).

Applying this analysis, Defendants A's motion to dismiss must be granted. Here, the one-year statue of limitations applies, and it accrued on the date of his arrest, which is September 13, 2012. <u>See</u> ECF No. 11 Ex. 1. Further, no fraudulent concealment of facts exists because the plaintiffs should be fully aware of when the alleged false arrest occurred under the arrest record. Finally, no other tolling doctrine applies concerning the plaintiffs' claim of false arrest here. Thus, the plaintiffs had until September 13, 2013 to file their claim. However, the plaintiffs did not file this current civil action for false arrest until May 22, 2014. Thus, the statute of limitations bars the plaintiffs' false arrest action.

Further, the plaintiffs' claim of conspiracy to commit a false arrest is also time barred. Under West Virginia law, a civil conspiracy cause of action is created by the defendants' wrongful acts that injure the plaintiff. Syl. Pt. 18, <u>O'Dell v. Stegall</u>,703 S.E.2d 561 (2010) (Syl. Pt. 8, <u>Dunn v. Rockwell</u>, 689 S.E.2d 255 (2009)). "The statute of limitations in a civil conspiracy is determined by the nature of the underlying conduct on which the claim for conspiracy is based." Syl. Pt. 10, <u>Dunn</u>, 689 S.E.2d at

259. In this case, the underlying action is a false arrest action. Therefore, as discussed above, the statute of limitations began to accrue on September 13, 2012. Because the plaintiffs filed this action on May 22, 2014, the statute of limitations bars their claim. Thus, Defendants A's motion to dismiss is granted. Because the statute of limitations sufficiently bars all of the plaintiffs' claims against Defendants A, this Court does not feel it is necessary to discuss Defendants A's additional arguments.

     2. <u>Defendants B's Motion to Dismiss</u>

As discussed above, the plaintiffs allege a civil rights cause of action under § 1983 against Defendants B. Specifically, the plaintiffs claim that on November 26, 2003, they completed an application to obtain a video lottery license and a liquor license for their business. The plaintiffs allege that Defendants B "willfully, wantonly, and maliciously" denied the application, and consequently, the plaintiffs suffered a civil rights violation of their expectation of engaging in a video lottery and liquor business. ECF No. 1. As a result of this, the plaintiffs further allege that Defendants B intentionally interfered with their business relations, and seek a declaratory judgment regarding the lottery and liquor licenses. Further, the plaintiffs also seek a writ of mandamus to review Defendants B's action denying the plaintiffs' application.

In response, Defendants B argue that (1) the plaintiffs' civil rights claims are time barred by the statute of limitations, and (2) because the plaintiffs Grove Terrace Café and Camastro Advertising are corporations, they must be represented by counsel rather than proceeding pro se.

Under a § 1983 claim, no specific federal statute of limitations applies. Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (1991) (quoting Bireline v. Seagondollar, 567 F.2d 260, 262 (4th Cir. 1977)). Rather, the applicable statute of limitations under such claim is borrowed from the analogous state statute of limitations. Nat'l Advertising Co., 947 F.2d at 1161 (quoting Bireline, 567 F.2d at 262). Further, when the claim does not arise under an Act of Congress passed after 1990, a § 1983 claim is "best characterized as a personal injury action." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); Wilson v. Garcia, 471 U.S. 261, 276 (1985). Further, where "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-250 (1989). Here, under West Virginia law, the applicable default period would be two years. Rakes v. Rush, 2009 WL 2392097 *4, CV No. 2:09-018 (S.D. W. Va. Aug. 4, 2009) (citing Bell ex rel. Bell v. Board of Educ. of County of Fayette, 290 F. Supp. 2d 701, 710 (S.D. W. Va. 2003) (citing W. Va. Code

§ 55-2-12(b) (2012) ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.")).

In this civil action, the plaintiffs claim that Defendants B denied their application on June 14, 2006, in violation of their civil rights to engage in a video lottery and liquor business. Applying a two-year statute of limitations, that means the plaintiffs' civil rights claim expired on June 14, 2008. Here, the plaintiffs did not file this claim until May 22, 2014. Therefore, the plaintiffs' claim is barred by the statute of limitations. Thus, this Court grants Defendants B's motion to dismiss. Because this Court grants Defendants B's motion to dismiss regarding the civil rights claim, this Court finds it unnecessary to assess Defendants B's other grounds for dismissal of this claim.

Regarding the plaintiffs' second claim for intentional interference, this Court also grants Defendants B's motion to dismiss regarding this claim. Under West Virginia law, a prima facie case of tortious interference exists when the plaintiff shows "(1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt.

2, <u>Torbett v. Wheeling Dollar Sav. & Trust Co.</u>, 314 S.E.2d 166 (W. Va. 1983).

Under the facts alleged in the plaintiffs' complaint, the plaintiffs insufficiently pleaded enough facts to allege a prima facie case. In their complaint, the plaintiffs provide only conclusory statements that Defendants B acted in a malicious or wanton manner regarding various "violations" of the plaintiffs' rights. The plaintiffs discuss no existing business relations, damages, or a nexus between the harm sustained and alleged interference. Their allegations are conclusory at best. Therefore, the plaintiffs have insufficiently pleaded this claim. Thus, Defendants B's motion to dismiss is granted.

3. <u>Defendants C's Motion to Dismiss</u>

As provided earlier, the plaintiffs first argue that Defendants C violated their civil rights through ongoing activities, including removing the plaintiffs' billboards, misapplying zoning ordinances, and failing to respond to inquiries about building various structures. Second, the plaintiffs also argue that Defendants Robert Herron and The City of the Wheeling[10] trespassed on their property by having employees, customers, and themselves illegally park near or around their property. Third, the plaintiffs allege that Defendants Andy McKenzie, The City of

---

[10]Although labeled as part of Defendants C, these individuals were specific to the plaintiffs' claims in their complaint.

Wheeling, Nick Sparachane, and the Wheeling Board of Zoning Appeals[11] violated their freedom of speech rights by taking down various billboards the plaintiffs possessed in May 2000. Finally, the plaintiffs allege that all Defendants C, with the exception of the Wheeling Zoning Board, intentionally interfered with their business relations.

In response, Defendants C argue first that the <u>Rooker-Feldman</u> doctrine applies, meaning that the numerous state court decisions between Defendants C and the plaintiffs cannot be reviewed by this Court. Second, Defendants C argue that res judicata, collateral estoppel, and the statute of limitations all apply to bar the plaintiffs' claims. Finally, Defendants C assert that insufficient facts have been pleaded to demonstrate intentional interference with the plaintiffs' business relations.

The doctrine of res judicata precludes relitigating the same claim. <u>Sattler v. Bailey</u>, 400 S.E.2d 220, 225 (1990). The rationale behind res judicata's preclusion is to avoid "the expense and vexation attending relitigation of causes of action which have been fully and fairly decided." <u>Blake v. Charleston Area Medical Center, Inc.</u>, 498 S.E.2d 41 (W. Va. 1997) (internal citations omitted). Under the doctrine, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies

_____

[11]Although labeled as part of Defendants C, these individuals were specific to plaintiffs' claims in their complaint

17

based on the same cause of action." Porter v. McPherson, 479 S.E.2d 668, 676 (1996) (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, n.5 (1979)). Under West Virginia law, res judicata requires that three elements exist: (1) a court having jurisdiction made a final adjudication regarding a prior action, (2) the two actions involve the same parties or persons with privity to the same parties, and (3) the claim identified in the subsequent proceeding must be the same as the claim determined in the prior action. Syl. Pt. 4, Blake v. Charleston Area Medical Center, Inc., 498 S.E.2d 41 (W. Va. 1997). In determining if a final adjudication was made, a final adjudication can include dismissing an action for failure to state a claim upon which relief can be granted. Sprouse v. Clay Communication, Inc., 211 S.E.2d 674 (W. Va. 1975).

Regarding the same claim or cause of action requirement, a cause of action under the doctrine means "the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief . . . . The test to determine if the . . . cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues . . . . If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by res judicata." Id. at 48. Further, res judicata can bar subsequent proceedings

18

"even if the precise cause of action involved was not actually litigated in the former proceeding so long as the claim could have been raised and determined." Syl. Pt. 1, <u>Conley v. Spillers</u>, 301 S.E.2d 216 (W. Va. 1983).

In this civil action, the plaintiffs' § 1983, freedom of speech, and trespass claims are all barred by res judicata. First, these claims have been adjudicated either in state court or this Court. <u>See, e.g.</u>, <u>Camastro v. City of Wheeling</u>, No. 5:06CV69, 2007 WL 312521 (N.D. W. Va. Oct. 24, 2007); <u>Camastro v. City of Wheeling, et al.</u>, No. 5:97CV8 (N.D. W. Va. Sept. 28, 1998); <u>Camastro v. City of Wheeling, et al.</u>, No. 03-C-337W (W. Va. Cir. Oct. 3, 2003); <u>Camastro v. City of Wheeling</u>, No. 00-C-362 AR (W. Va. Cir. Dec. 20, 2000); <u>Camastro v. City of Wheeling</u>, CV 95-C-276 (W. Va. Cir. Mar. 23, 1998); <u>Camastro v. City of Wheeling</u>, No. 96-CV-494 (W. Va. Cir. Feb. 18, 1997); <u>In the matter of Vince Camastro</u>, 94 CAP 25 (W. Va. Cir. Aug. 27, 1996). Specifically, the defendants have all prevailed over the plaintiffs in those civil actions. Second, the civil actions involved the same respective parties that are present in this civil action. Finally, the claims under the prior actions and this civil action are nearly identical. Therefore, res judicata bars the plaintiffs' claims against Defendants C regarding § 1983, freedom of speech, and trespass. Because this Court grants Defendants C's motion to dismiss, this

Court believes it is unnecessary to discuss the additional arguments Defendants C provide regarding the above claims.

Regarding the plaintiffs' claim for intentional interference with business relations, this Court also grants Defendants C's motion to dismiss. As provided earlier in this opinion, a prima facie case of tortious interference exists when the plaintiff shows "(1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." <u>Torbett</u>, 314 S.E.2d at Syl. Pt. 2.

Under the facts alleged in the plaintiffs' complaint, the plaintiffs insufficiently pleaded enough facts to allege even a prima facie case. In their complaint, the plaintiffs provide only conclusory statements that Defendants C acted in a malicious or wanton manner regarding various "violations" of the plaintiffs' rights. The plaintiffs discuss no existing business relations, damages, or a nexus between the harm sustained and alleged interference. Their allegations are conclusory at best. Therefore, the plaintiffs have insufficiently pleaded this claim. Thus, Defendants C's motion to dismiss is granted.

4. <u>Defendants D's Motion to Dismiss</u>

Regarding Defendants D, the plaintiffs allege three claims. First, the plaintiffs argue that Defendants D conspired to violate

the plaintiffs' civil rights through various methods.  Second, the plaintiffs claim Defendants D intentionally interfered with their business relations.  Finally, the plaintiffs allege that defendant Ohio County Commission violated their free speech rights by destroying their billboards.

In their response, Defendants D claim that the statute of limitations bars all of the plaintiffs' claims.  Further, in the alternative, Defendants D claim that the plaintiffs fail to properly plead sufficient facts for all claims.  Finally, Defendants D claim that the plaintiffs Grove Terrace Café and Camastro Advertising, as corporate entities, must be represented by counsel in order to proceed.

As stated earlier, under a § 1983 claim, no specific federal statute of limitations applies.  Nat'l Advertising Co., 947 F.2d at 1161-62 (quoting Bireline v. Seagondollar, 567 F.2d 260, 262 (4th Cir. 1977)).  Rather, the applicable statute of limitations under such claim is borrowed from the analogous state statute of limitations.  Nat'l Advertising Co., 947 F.2d at 1161 (quoting Bireline, 567 F.2d at 262).  Further, when the claim does not arise under an Act of Congress passed after 1990, a § 1983 claim is "best characterized as a personal injury action."  Jones, 541 U.S. at 369; Wilson, 471 U.S. at 276.  Further, where "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or

21

residual statute for personal injury actions." <u>Owens</u>, 488 U.S. at 249-250.  Here, under West Virginia law, the applicable default period would be two years.  <u>Rakes v. Rush</u>, 2009 WL 2392097 *4, CV No. 2:09-018 (S.D. W. Va. Aug. 4, 2009) (citing <u>Bell ex rel. Bell v. Board of Educ. of County of Fayette</u>, 290 F. Supp. 2d 701, 710 (S.D. W. Va. 2003) (citing W. Va. Code § 55-2-12(b)(2012) ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.")).

Under the allegations and facts provided, this Court agrees that the statute of limitations bars the plaintiffs' civil rights actions.  First, the claims against Defendants D are based on actions from 2000, 2004, and 2005.  Second, as provided above, a two-year statute of limitations applies here in the plaintiffs' civil rights action.  Third, plaintiffs filed this action on May 22, 2014.  This falls well outside of the statute of limitations.  Therefore, because the claim is barred by the statute of limitations, this Court grants Defendants D's motion to dismiss regarding the civil rights claim.  Further, because this Court finds the statute of limitations bars the claim, this Court believes it unnecessary to address Defendants D's other arguments relating to the civil rights claim.

Next, Defendants D argue that the plaintiffs have insufficiently pleaded an action for intentional interference of business relations. As provided earlier in this opinion, under West Virginia law, a prima facie case of tortious interference exists when the plaintiff shows "(1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Torbett, 314 S.E.2d at Syl. Pt. 2.

Under the allegations of this case, the plaintiffs have insufficiently pleaded this claim. Under this claim, the plaintiffs provided only conclusory statements without addressing the basic elements necessary for a prima facie claim. Therefore, because this claim is insufficiently pleaded, this Court grants Defendants D's motion to dismiss regarding the plaintiffs' claim of intentional interference with their business relations.

5. Defendant E's Motion to Dismiss

The plaintiffs allege that Defendant E trespassed on their property and destroyed items of personal property, including a no trespassing sign. In response, Defendant E argues that the plaintiffs' civil action is barred by the statute of limitations.

Under West Virginia law, an action for damage to personal property has a two-year statute of limitations from the date of injury. W. Va. Code § 55-2-12(a) (2012). Under the facts of this

case, the plaintiffs allege that the date of injury occurred on December 19, 1996. As provided earlier, the plaintiffs filed their complaint on May 22, 2014. This far exceeds the statute of limitations for the injury they claim. Therefore, the action is time barred. Thus, this Court grants Defendant E's motion to dismiss.

        6.   <u>Defendant F's Motion to Dismiss</u>

        Finally, in Defendant F's motion to dismiss, he argues the following: (1) the corporate plaintiffs' claims must be dismissed because as corporate entities they cannot proceed <u>pro se</u>; (2) that the plaintiffs only named Defendant F in the complaint and assert no causes of action against him and thus inadequately pleaded the claim; and (3) that Defendant F has absolute immunity against the wrongful and malicious prosecution claims asserted against him.

        In cases where a complaint provides no allegations or claims against a defendant but the complaint names the defendant only in the caption, then the complaint should be "properly dismissed." <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.") (per curiam); <u>see also</u> <u>Krych v. Hvass</u>, 83 F. App'x 854, 855 (8th Cir. 2003); <u>Black v. Lane</u>, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); <u>Walker v. Hodge</u>, 4 F.3d 991, 993 n. 2 (5th Cir.

1993); <u>Banks v. Scott</u>, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). This includes complaints filed by <u>pro se</u> plaintiffs, even under the liberal construction that such complaints are afforded. <u>Potter</u>, 497 F.2d at 1207; <u>Brozowski v. Randall</u>, 281 F. Supp. 306, 312 (E.D. Pa. 1968).

After analyzing the plaintiffs' complaint, this Court agrees with Defendant F. The complaint includes Defendant F only in the caption of the complaint. No specific factual or legal allegations are made against him. As this Court has noted, the plaintiffs have received several <u>Roseboro</u> notices about filing any response to the motions to dismiss, and thus have had ample time to either respond or file a motion with this Court to correct this deficiency within the complaint. Even under the liberal construction that Courts are to apply to <u>pro se</u> complaints, the case law provides that such a complaint should generally be dismissed. Accordingly, so should the plaintiffs' complaint in this civil action. Because this Court will grant Defendant F's motion to dismiss, this Court believes it is unnecessary to address the additional arguments that Defendant F provides in his memorandum of support.

B.  <u>Allegations Against Defendant G</u>

The plaintiffs provide in the caption of their complaint that Lamar Advertising, titled in this opinion as "Defendant G," is a defendant in their civil action. The plaintiffs then list Defendant G in the titles for Count IV and Count VI of their

complaint.    However, the plaintiffs make no legal or factual allegations against Defendant G concerning the claims that it is listed in.

As provided above, in cases where a complaint provides no allegations or claims against a defendant but the complaint names the defendant only in the caption, then the complaint should be "properly dismissed." <u>Potter</u>, 497 F.2d at 1207 ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.") (per curiam).  This includes complaints filed by <u>pro se</u> plaintiffs, even under the liberal construction that such complaints are afforded.  <u>Id.</u>; <u>Brozowski</u>, 281 F. Supp. at 312.

In this civil action, the plaintiffs provide no allegations or claims specifically against Defendant G.   Although listed in the headings of Count IV and Count VI, the facts and law therein do not discuss Defendant G's violations.    Other than the headings described and the caption, the complaint is silent as to any specific allegations against Defendant G.  Because of this, the complaint should be properly dismissed regarding the claims asserted against Defendant G.

C.    <u>Defendants C's Motion for Sanctions Against Plaintiffs</u>

In addition to their motion to dismiss, Defendants C also filed a motion for sanctions under Rule 11 of the Federal Rules of

Civil Procedure. Defendants C argue that the plaintiffs' pleading is submitted to this Court for improper purposes. Further, Defendants C claim that these claims have already been litigated and that the plaintiffs have pursued these claims for too long. Thus, Defendants C request that this Court prohibit the plaintiffs from future filings without prior review and consent by this Court.

As the Supreme Court of the United States has provided, the central purpose of Rule 11 is "to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Rule 11 imposes a duty on attorneys to certify that any papers filed with the court are well grounded in fact, legally tenable, have been subject to a reasonable inquiry, and are not filed for an improper purpose. Id. An attorney who signs the paper without such criteria may face penalties, such as paying the other party's expenses. Id. Further, any interpretation must promote the Rule's main goal of "deterrence." Id.

One such sanction that may be considered under Rule 11 is a prefiling injunction. Pursuant to 28 U.S.C. § 1651(a), a district court has discretion to order a prefiling injunction. However, it is an extreme remedy that should be sparingly used. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). Before entering such an injunction, a court must:

> weigh all the relevant circumstances, including (1) the
> party's history of litigation, in particular whether he
> has filed vexatious, harassing, or duplicative lawsuits;
> (2) whether the party had a good faith basis for pursuing
> the litigation, or simply intended to harass; (3) the
> extent of the burden on the courts and other parties
> resulting from the party's filings; and (4) the adequacy
> of alternative sanctions.

Id. (internal citations omitted). Further, the injunction must be very narrowly tailored, and the scrutiny and precaution applied to the injunction are greatly heightened when applied against a pro se plaintiff. In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988); Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980). A district court has the power to sua sponte enjoin further filings in support of frivolous and similar claims. However, if that happens, then "the district court must assume the burden, normally borne by the a moving party, to notify the party to be enjoined and to invite a response." Matter of Hartford Textile Corp., 613 F.2d 388, 390 (2d Cir. 1979). However, the United States Court of Appeals for the Fourth Circuit provides that a court must "afford a litigant notice and an opportunity to be heard" so as to ensure that the party that may be subject to the prefiling injunction has an "'opportunity to oppose the court's order'" before it is instituted. Cromer, 390 F.2d at 819 (quoting Brow v. Farrelly, 994 F.2d 1027 (3d Cir. 1993)). This "opportunity" and "notice" requirement means that the district court "must give notice to the litigant to show cause why the proposed injunctive relief should not be issued . . . . [T]his ensures the litigant is provided an opportunity to oppose the

28

court's order before it is instituted." <u>Brow</u>, 994 F.2d at 1038;
<u>see also</u> <u>De Long v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990) ("due
process requires notice and an opportunity to be heard"); <u>Gagliardi
v. McWilliams</u>, 834 F.2d 81, 83 (3d Cir. 1987).

After analyzing Defendants C's motion for sanctions and the
litigious history of the plaintiffs, this Court finds that it would
be beneficial to defer a decision on this matter. Under the
abundant case law discussing prefiling injunctions, the seriousness
of such a sanction requires that the party be provided sufficient
notice of the request for sanctions. The plaintiffs have yet to
receive such notice. Therefore, this Court will defer deciding
Defendants C's motion for sanctions at this time subject to a
hearing on the matter that will be scheduled in a separate order
following this opinion.

D.   <u>Plaintiffs' Petition for Writ of Mandamus</u>

Finally, regarding the denial of their liquor and lottery
applications by Defendants B, the plaintiffs request this Court to
grant them a writ of mandamus to review the agency action.
Specifically, the plaintiffs rely on 28 U.S.C. § 1651 which
provides that "all courts established by Act of Congress may issue
all writs necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of law."
The plaintiffs seek to have this Court review Defendants B's
actions under such writ.

A writ of mandamus is a drastic remedy which is only appropriate in the most extraordinary circumstances. <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33 (1980). In <u>Allied Chemical</u>, the Court stated that a party seeking issuance of mandamus must demonstrate that his right to issuance of the writ is "'clear and undisputable.'" <u>Id.</u> at 35 (quoting <u>Bankers Life & Cas. Co. v. Holland</u>, 346 U.S. 379, 384 (1953)). To satisfy this burden a petitioner must establish that: (1) the petitioner has a clear right to the relief sought; (2) the official or agency owes a specific duty to the plaintiff; and (3) the petitioner has no other adequate remedy available. <u>Rush v. Parham</u>, 625 F.2d 1150, 1154 (5th Cir. 1980).

Plaintiffs' petition for mandamus fails all three prongs of this test. First, it is unclear that the plaintiffs have a right to open an establishment that serves liquor and has video lottery machines. The plaintiffs in their complaint make conclusory statements that they have a right to open such establishments without providing any other rationale behind this alleged right. Second, contrary to what the plaintiffs suggest in their opinion, Defendants B owe no duty to approve all applications. The plaintiffs here assert that if Defendants B properly applied the laws as they have a duty to do, then the plaintiffs' application would have been approved. However, Defendants B must only review them and decide on applications, among other duties. They have no

duty to automatically grant every application that they receive. Finally, the plaintiffs do have other opportunities for relief in this situation, namely the administrative options, such as filing an additional application or contacting the necessary administrators. Therefore, because no grounds exist for a writ of mandamus, this Court denies granting the plaintiffs this writ.

## V. Conclusion

For the reasons discussed above, the defendants' motions to dismiss (ECF Nos. 10, 14, 29, 33, 43, and 63) are GRANTED. Further, the Court sua sponte finds that the claims against Defendant G are DISMISSED. Defendants C's motion for sanctions is DEFERRED subject to a hearing on the matter that will be set forth in a separate order. Accordingly, the plaintiffs' petition for a writ of mandamus is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the pro se plaintiffs by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  November 20, 2014


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE