IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCE CAMASTRO,
GROVE TERRACE CAFÉ, INC.
and CAMASTRO ADVERTISING,

    Plaintiffs,

v.                                Civil Action No. 5:14CV67
                                            (STAMP)

WEST VIRGINIA ALCOHOL
BEVERAGE CONTROL COMMISSION,
THE CITY OF WHEELING,
OHIO COUNTY COMMISSION,
WHEELING BOARD OF ZONING APPEALS,
LAMAR ADVERTISING,
ROBERT BAUMGARDNER, ANDY McKENZIE,
NICK SPARACHANE, JACK LIPPHART,
RUSTY JEBBIA, ROBERT HERRON,
PAUL McINTIRE, GREGG STEWART,
CARL WORTHY PAUL,
CORPORAL JAMES DEAN,
CORPORAL E.M. McFARLAND,
TOM CONNELLY, BARRY CROW
and CLIFF RECTOR,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCEMENT OF THE COURT
ISSUING A PRE-FILING INJUNCTION AGAINST
THE PLAINTIFF VINCENT CAMASTRO**

I. Background

The plaintiff Vincent Camastro ("the plaintiff") filed a complaint, proceeding pro se,[1] against the defendants listed in the above-styled civil action. The plaintiff has brought at least thirteen state court actions and two federal state court actions

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

where the plaintiff raises substantially similar, if not identical, claims and issues. Those claims involved zoning and certain applications that concerned the plaintiff's businesses, including the following: (1) a car wash; (2) a video lottery parlor for his hotel; (3) the expansion of his outdoor billboard business; and (4) the installation of billboards that identified certain public officials as "corrupt." The defendants The City of Wheeling, the Wheeling Board of Zoning Appeals, Andy McKenzie, Nick Sparachane, Jack Lipphardt, Rusty Jebbia, Robert Herron, Paul McIntire, Tom Connelly, and Barry Crow ("The City of Wheeling defendants") filed a motion to dismiss the plaintiff's most recent complaint. ECF No. 29. In that motion to dismiss, The City of Wheeling defendants also included a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11 sanctions"). In their motion for Rule 11 sanctions, The City of Wheeling defendants asked for attorney's fees and for this Court to issue a pre-filing injunction against the plaintiff. On November 20, 2014, this Court entered a memorandum opinion and order granting The City of Wheeling defendants' motion to dismiss and deferred ruling on The City of Wheeling defendants' motion for sanctions. ECF No. 74.

Following that ruling, this Court directed the parties to appear for a hearing about The City of Wheeling defendants' motion for Rule 11 sanctions. ECF No. 76. The plaintiff then filed three motions to continue the hearing, which this Court granted. ECF

2

Nos. 80, 86, and 94. The Court then held the hearing on February 18, 2015, where the plaintiff appeared in person and The City of Wheeling defendants appeared by Rosemary Humway-Warmuth, the City Solicitor for The City of Wheeling.[2] At that hearing, this Court allowed the plaintiff an opportunity to show good cause as to why Rule 11 sanctions should not be imposed, including but not limited to a pre-filing injunction. During his argument, the plaintiff also requested that the hearing on Rule 11 sanctions be continued for sixty days. After hearing from both parties, this Court granted The City of Wheeling defendants' motion to the extent that it imposed a pre-filing injunction, and denied the plaintiff's motion for a continuance. This memorandum opinion and order confirms the pronounced rulings of this Court made at the February 18, 2015 hearing, and provides this Court's reasoning as set forth below.

II. Applicable Law

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This statutory power is tempered by

---

[2] It should also be noted that Michelle Lee Dougherty appeared on behalf of defendants Corporals Dean and McFarland, that Katherine A. Schultz appeared for defendants the West Virginia Alcohol Beverage Control Commission and Robert Baumgardner, and that the Assistant Director of the City Zoning Department, Tom Connelly, was present.

a party's constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1; Cromer, 390 F.3d at 817.

A pre-filing injunction is a drastic remedy, which "must be used sparingly." Cromer, 390 F.3d at 817. The United States Court of Appeals for the Fourth Circuit has prescribed a four-pronged evaluation for considering whether a pre-filing injunction is substantively warranted:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818.

Before a court issues such an injunction, a litigant should receive notice and an opportunity to be heard. Id. at 819. As mentioned above, this Court heard from the plaintiff and counsel for The City of Wheeling defendants regarding the issuance of a pre-filing injunction at the February 18, 2015 hearing. Before examining each prong, this Court notes that, because the plaintiff is proceeding pro se, this Court is approaching this issue "with particular caution," understanding that a pre-filing injunction against a pro se plaintiff should "remain very much the exception to the general rule of free access to the courts." Id. (internal citations omitted). Furthermore, this Court has liberally

4

construed the plaintiff's pleadings throughout the proceeding. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

### III. Discussion

After reviewing both the record and the factors enumerated in Cromer, this Court finds that all four of the factors weigh heavily in favor of issuing a pre-filing injunction. A court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18. This Court is aware of at least thirteen suits in state court and two in this federal court, all arising from the same or essentially the same transactions or occurrences. After analyzing those civil actions, this Court finds that the plaintiff has engaged in vexatious and harassing conduct and that his lawsuits are duplicative. Accordingly, the first prong is satisfied as the plaintiff's series of civil actions demonstrates.

Regarding the second prong, the facts demonstrate that the plaintiff lacked a good faith basis for pursuing the litigation. In his argument against Rule 11 sanctions, the plaintiff states that, regarding the alleged denial of his applications, he "used the court system because that's what you're supposed to do." He further claims that he is "asking the Court to protect" him. In

5

addition to that claim, he reiterates on multiple occasions that The City of Wheeling defendants sent this Court "misleading information," which resulted in the dismissal of his civil actions, including his most recent one in this Court. After reviewing the pleadings, this Court finds that the plaintiff is not pursuing the litigation in good faith, but intends on harassing The City of Wheeling defendants. This Court acknowledges that the plaintiff, like any other plaintiff, has a right to seek redress through the judicial system. However, the plaintiff, and any other plaintiff, does not have the right to continually file actions based upon the same grievances. The doctrines of <u>res judicata</u>, collateral estoppel, the <u>Rooker-Feldman</u> doctrine, and other preclusive doctrines demonstrate such a limitation upon litigants. Therefore, the plaintiff has failed to demonstrate any good faith basis for pursuing the litigation.

As to the third requirement under <u>Cromer</u>, concerning the burden on the courts and the parties from the plaintiff's actions, this Court does not consider at this point the burden on the Court. This Court does note, however, the burden placed upon The City of Wheeling defendants. The City of Wheeling defendants rightfully point out that the plaintiff's most recent civil action names as a defendant not only a deceased individual, but also a former mayor who has not held that position for several years. The City of Wheeling defendants also demonstrated the costs associated with

spending their time responding to the plaintiff's actions, costs incurred in consulting with insurance counsel, and other time and money spent by The City of Wheeling defendants. This Court finds that those were all undue burdens caused by the litigant's filings, and are to be considered under Cromer.

Lastly, this Court has considered alternative sanctions and finds no appropriate alternative sanction. The City of Wheeling defendants point to two sanctions that the plaintiff received from state court. In particular, The City of Wheeling defendants claim that the plaintiff received monetary sanctions in 2001, and later a narrowly tailored pre-filing injunction. Since those sanctions, however, the plaintiff has still continued to file actions in both state court and this federal court. Although this Court could impose monetary sanctions, the most appropriate sanction appears to be a pre-filing injunction.

This Court orders that a pre-filing injunction be issued. This Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. at 818. The plaintiff may not file an action in this United States District Court related to the claims brought in this civil action without first obtaining leave by the undersigned judge or another judge in the United States District Court for the Norther District of West Virginia. Those claims include, but are not limited to, the following: (1) a continuous conspiracy to violate his civil rights

through the denial of his applications for certain licenses regarding his attempt to build a car wash, the installation of certain billboards, his application for a video lottery café license with a liquor permit, and the removal of his signs stating that the public officials of The City of Wheeling are "corrupt;" (2) a violation of his civil rights through the denial of his application for a video lottery license with a liquor permit and enacting overly stringent zoning laws; (3) intentional interference with the plaintiff's business relations by denying his applications for installing certain billboards, opening a car wash, denying his application for a video lottery license with a liquor permit, and failing to respond to the plaintiff's inquiries about building a hotel; (4) violating his First Amendment rights by removing his billboards that stated certain public officials were "corrupt"; and (5) that The City of Wheeling defendants took no action in preventing individuals from parking near and trespassing on the plaintiff's business property. Furthermore, the plaintiff is enjoined from filing in this United States District Court any civil action alleging matters that are similar to, substantially similar to, or identical to the matters raised in this civil action – Civil Action No. 5:14CV67.

This Court believes that this pre-filing injunction is "narrowly tailored to fit the particular circumstances of this case." Id. (internal citations omitted). This injunction shall

not apply to the filing of timely notices of appeal to the Court of Appeals in the above civil action and papers filed solely in furtherance of such appeals.

## IV. Conclusion

For the reasons stated above, this Court ISSUES a pre-filing injunction against the plaintiff.[3] Accordingly, the Clerk of Court is ORDERED to refuse any new complaints for filing in the United States District Court for the Northern District of West Virginia related to the matters discussed above from the plaintiff before obtaining leave from the undersigned judge.[4] This injunction shall not apply to the filing of timely notices of appeal in this civil action to the United States Court of Appeals for the Fourth Circuit and papers filed solely in furtherance of such appeals. Furthermore, this Court DENIES The City of Wheeling defendants' request for monetary sanctions. Finally, this Court DENIES the plaintiff's motion for a continuance.

---

[3] It should be noted that the pre-filing injunction does not apply to the plaintiff corporations listed in this civil action because it appears that they were not plaintiffs in the prior law suits. However, it is well-settled that a corporation must be represented by an attorney in federal court. See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984), cert. denied, 471 U.S. 1056 (1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983).

[4] This injunction will not apply to suits filed in any state court, but this Court reserves the right to apply this injunction to any suit removed from state court to this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court, in Wheeling, West Virginia, within thirty days after the date of the entry of the judgment order.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 19, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE