IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCE CAMASTRO,
GROVE TERRACE CAFÉ, INC.
and CAMASTRO ADVERTISING,

    Plaintiffs,

v.                                           Civil Action No. 5:14CV67
                                                                            (STAMP)

WEST VIRGINIA ALCOHOL
BEVERAGE CONTROL COMMISSION,
THE CITY OF WHEELING,
OHIO COUNTY COMMISSION,
WHEELING BOARD OF ZONING APPEALS,
LAMAR ADVERTISING,
ROBERT BAUMGARDNER, ANDY McKENZIE,
NICK SPARACHANE, JACK LIPPHART,
RUSTY JEBBIA, ROBERT HERRON,
PAUL McINTIRE, GREGG STEWART,
CARL WORTHY PAUL,
CORPORAL JAMES DEAN,
CORPORAL E.M. McFARLAND,
TOM CONNELLY, BARRY CROW
and CLIFF RECTOR,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO RECONSIDER**

I.   Background[1]

    The plaintiffs filed this civil action in this Court on May 22, 2014. The plaintiffs' causes of action included the following: (1) trespass; (2) conspiracy to violate the plaintiffs' civil rights; (3) improperly denying the plaintiffs' applications for

---

[1]The provided facts are a summary of the extensive factual and legal history of this civil action. For a more detailed discussion of such history, see this Court's memorandum opinion and order granting the defendants' motions to dismiss. ECF No. 74.

video lottery and liquor licenses; and (4) false arrest for false swearing.  The plaintiffs alleged that their various causes of action began in 1997.  The plaintiffs sought a declaratory judgment that the plaintiffs Vince Camastro and Grove Terrace Café were "bona fide applicants" for West Virginia video lottery and liquor licenses and an order mandating that the plaintiffs Vince Camastro and Grove Terrace Café receive such licenses.  Further, the plaintiffs sought compensatory damages of one hundred million dollars ($100,000,000.00), punitive damages of one hundred million dollars ($100,000,000.00), and attorney's fees against the defendants.  The defendants, with the exception of Lamar Advertising, each filed motions to dismiss.  After reviewing the fully briefed motions and the record, this Court ultimately granted the defendants' motions to dismiss.  ECF No. 74.

In addition to the motions to dismiss, certain defendants sought sanctions against the plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure.  <u>See</u> ECF No. 29.  This Court conducted a hearing as to the motion for sanctions, where the Court heard from the relevant parties.  This Court allowed the plaintiffs to show good cause as to why Rule 11 sanctions should not be imposed. ECF No. 102.  After hearing from both parties, this Court granted in part the motion for sanctions.[2]  In particular, this

---

[2]It should be noted that at the Rule 11 hearing, the defendants seeking the motion for sanctions also orally moved for monetary sanctions, which this Court denied.  The plaintiffs also orally

Court imposed a pre-filing injunction against the plaintiff Vince Camastro[3] that stated the following:

> The plaintiff may not file an action in this United States District Court related to the claims brought in this civil action without first obtaining leave by the undersigned judge or another judge in the United States District Court for the Norther District of West Virginia. Those claims include, but are not limited to, the following: (1) a continuous conspiracy to violate his civil rights through the denial of his applications for certain licenses regarding his attempt to build a car wash, the installation of certain billboards, his application for a video lottery café license with a liquor permit, and the removal of his signs stating that the public officials of The City of Wheeling are "corrupt;" (2) a violation of his civil rights through the denial of his application for a video lottery license with a liquor permit and enacting overly stringent zoning laws; (3) intentional interference with the plaintiff's business relations by denying his applications for installing certain billboards, opening a car wash, denying his application for a video lottery license with a liquor permit, and failing to respond to the plaintiff's inquiries about building a hotel; (4) violating his First Amendment rights by removing his billboards that stated certain public officials were "corrupt"; and (5) that The City of Wheeling defendants took no action in preventing individuals from parking near and trespassing on the plaintiff's business property. Furthermore, the plaintiff is enjoined from filing in this United States District Court any civil action alleging matters that are similar to, substantially similar to, or identical to the matters raised in this civil action – Civil Action No. 5:14CV67.

ECF No. 102 at *9.

---

moved to continue the Rule 11 hearing for a fourth time. The plaintiffs had previously filed three motions to continue the Rule 11 hearing, which this Court granted. However, the Court denied the fourth motion to continue the Rule 11 hearing.

[3]This Court did not impose the pre-filing injunction against the plaintiff corporations listed in this civil action because they were not plaintiffs in the prior lawsuits.

At issue now is the plaintiffs' motion to reconsider. ECF No. 107. The plaintiffs filed their motion pursuant to Rule 60(b)(1), (3), and (6) of the Federal Rules of Civil Procedure. Their motion requests that this Court reconsider its prior ruling, wherein this Court granted the defendants' motions to dismiss. ECF No. 74. The plaintiffs assert three arguments. First, the plaintiffs believe excusable neglect, as defined under Rule 60(b)(1), exists.[4] Here, the plaintiffs claim that their earlier counsel at the time "abandoned" them approximately three weeks before the complaint was filed. In essence, the plaintiffs believe that they were "forced" to proceed pro se when they filed their complaint. Now that they have new counsel, the plaintiffs believe they can more adequately pursue their claims. Second, the plaintiffs argue that plaintiff Camastro has a mental disability, and that the defendants took advantage of that disability throughout this civil action. They also believe that the defendants "used" plaintiff Camastro's disability by convincing him to improperly register for video lottery and liquor licenses. Third, the plaintiffs believe that they should have a second chance to pursue their original civil rights claim, which they asserted while previously proceeding pro se, because they have now obtained new counsel.

---

[4]The plaintiffs also appear to justify their first argument under Rule 60(b)(6). ECF No. 107 at *5.

In response to the plaintiffs' motion to reconsider, the following defendants filed responses in opposition. Because of the number of the defendants and their responses, a list is provided to simplify who filed which response.

| "Defendants A"[5] ||
|---|---|
| Corporal James Dean | Corporal E.M. McFarland |

| "Defendants B"[6] ||
|---|---|
| West Virginia Alcohol Beverage Control Commission | Robert Baumgardner |

| "Defendants C"[7] ||
|---|---|
| The City of Wheeling | The Wheeling Zoning Board |
| Barry Crow | Andy McKenzie |
| Nick Sparachane | Jack Lipphart |
| Rusty Jebbia | Robert Herron |
| Paul McIntire | Tom Connelly |

| "Defendants D" ||
|---|---|
| Ohio County Commission | Gregg Stewart |

| "Defendant E" ||
|---|---|
| Cliff Rector ||

---

[5] ECF No. 108

[6] ECF No. 109.

[7] ECF No. 111.

| "Defendant F" |
|---|
| Carl Worthy Paul |

| "Defendant G" |
|---|
| Lamar Advertising |

Of the defendants identified above, Defendants A, B, and C each filed responses in opposition. Defendants D, E, F, and G did not respond to the plaintiffs' motion.

As to the responding defendants, Defendants A argue that the plaintiffs motion lacks any merit. Here, Defendants A point out that the plaintiffs rely on unsubstantiated statements and have not demonstrated any extraordinary circumstances. Defendants B argue that this Court correctly determined that the statute of limitations for most of plaintiffs' claims expired in 2008. Further, Defendants B also contend that the plaintiffs' arguments and circumstances are not extraordinary, and therefore, relief under Rule 60(b) should be denied. Although they filed a separate response, Defendants C stated that they join in the response of Defendants A. They also contend that the plaintiffs' current motion is nothing more than a bad faith and vexatious attempt to harass the defendants.

For the reasons discussed below, the plaintiffs' motion to reconsider is DENIED.

## II. Applicable Law

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or other terms, relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Generally, motions to reconsider are "to be granted only in such extraordinary circumstances . . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States S.E.C. v. Nat'l Presto Industries, Inc., 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (quoting Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)); see Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330-31 (10th Cir. 1994). It is improper to use such a motion to ask the court to "rethink what the court has already thought through–rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Examples of when a motion to reconsider may be appropriate include situations such as the following:

> [W]here . . . the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. at 101; Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185 (7th Cir. 1990). A general principle applied in the Rule 60(b) context is that "disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court." Evans v. United Life & Acc. Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989) (citing Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973); Wood v. Kling, 98 F.R.D. 319, 320 (E.D. Va. 1983)).

## III. Discussion

The plaintiffs filed their motion under Rule 60(b)(1), (3), and (6). Those provisions of Rule 60(b) and the plaintiffs' arguments are discussed below in the order presented.

A. The Plaintiffs Have Not Shown Excusable Neglect

Rule 60(b)(1), which applies to "mistake, inadvertence, surprise, or excusable neglect," is a demanding standard. "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule

8

60(b)(1)." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (internal citations omitted). Moreover, "[t]o prevail, the Rule 60(b)(1) movant must demonstrate that he has a meritorious defense and that arguably one of the four conditions for relief applies-mistake, inadvertence, surprise or excusable neglect." Lust, 479 F.2d at 576. And, as previously stated, "disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion" of this Court. Evans, 871 F.2d at 472 (citing Lust, 479 F.2d at 576; Kling, 98 F.R.D. at 320).

Based on the law discussed above, the plaintiffs' motion lacks merit. The plaintiffs claim that their prior counsel "abandoned" them three weeks before filing the complaint, which resulted in them proceeding pro se throughout this civil action. That claim fails for three reasons. First, although the plaintiff filed the complaint pro se, this Court granted the plaintiffs' numerous motions for additional time to respond to the defendants' motions to dismiss. Within those motions for additional time, the plaintiffs indicated that they were attempting to or were close to obtaining counsel. The plaintiffs had ample time to seek counsel if they so desired. Second, this Court provided not only a "Notice of General Guidelines for Appearing Pro Se" to the plaintiffs, but also sent the plaintiffs two notices which advised them that failure to respond to the motions to dismiss may result in the dismissal of their claims, pursuant to Davis v. Zahradnick, 600

60(b)(1)." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (internal citations omitted). Moreover, "[t]o prevail, the Rule 60(b)(1) movant must demonstrate that he has a meritorious defense and that arguably one of the four conditions for relief applies-mistake, inadvertence, surprise or excusable neglect." Lust, 479 F.2d at 576. And, as previously stated, "disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion" of this Court. Evans, 871 F.2d at 472 (citing Lust, 479 F.2d at 576; Kling, 98 F.R.D. at 320).

Based on the law discussed above, the plaintiffs' motion lacks merit. The plaintiffs claim that their prior counsel "abandoned" them three weeks before filing the complaint, which resulted in them proceeding pro se throughout this civil action. That claim fails for three reasons. First, although the plaintiff filed the complaint pro se, this Court granted the plaintiffs' numerous motions for additional time to respond to the defendants' motions to dismiss. Within those motions for additional time, the plaintiffs indicated that they were attempting to or were close to obtaining counsel. The plaintiffs had ample time to seek counsel if they so desired. Second, this Court provided not only a "Notice of General Guidelines for Appearing Pro Se" to the plaintiffs, but also sent the plaintiffs two notices which advised them that failure to respond to the motions to dismiss may result in the dismissal of their claims, pursuant to Davis v. Zahradnick, 600

60(b)(1)." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (internal citations omitted). Moreover, "[t]o prevail, the Rule 60(b)(1) movant must demonstrate that he has a meritorious defense and that arguably one of the four conditions for relief applies-mistake, inadvertence, surprise or excusable neglect." Lust, 479 F.2d at 576. And, as previously stated, "disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion" of this Court. Evans, 871 F.2d at 472 (citing Lust, 479 F.2d at 576; Kling, 98 F.R.D. at 320).

Based on the law discussed above, the plaintiffs' motion lacks merit. The plaintiffs claim that their prior counsel "abandoned" them three weeks before filing the complaint, which resulted in them proceeding pro se throughout this civil action. That claim fails for three reasons. First, although the plaintiff filed the complaint pro se, this Court granted the plaintiffs' numerous motions for additional time to respond to the defendants' motions to dismiss. Within those motions for additional time, the plaintiffs indicated that they were attempting to or were close to obtaining counsel. The plaintiffs had ample time to seek counsel if they so desired. Second, this Court provided not only a "Notice of General Guidelines for Appearing Pro Se" to the plaintiffs, but also sent the plaintiffs two notices which advised them that failure to respond to the motions to dismiss may result in the dismissal of their claims, pursuant to Davis v. Zahradnick, 600

F.2d 458, 460 (4th Cir. 1979) and Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). ECF Nos. 2, 48, and 69. The point is that the plaintiffs had ample time to seek counsel and received plenty of notice about the status of their civil action. Third, the plaintiffs have not demonstrated that their claim has merit. The United States Court of Appeals for the Fourth Circuit has held that a "lawyer's ignorance or carelessness [does] not present cognizable grounds for relief under 60(b)." Evans, 871 F.2d at 472. That means that the plaintiffs cannot justify their request by blaming their past counsel for neglect. Therefore, the plaintiffs' first argument clearly lacks merit.[8]

B. The Plaintiffs Have Not Shown Misconduct

The plaintiffs next argue that Defendants B took advantage of plaintiff Vince Camastro's mental disability by telling him to "register his video game establishment as a private member club." By registering as a private member club, the plaintiffs argue that such registration resulted in the denial of plaintiff Camastro's license applications. The plaintiffs argue that such conduct, plus plaintiff Camastro's disability, shows sufficient misconduct.

In order to prevail under Rule 60(b)(3), the plaintiffs here must establish the following:

---

[8]To the extent that the plaintiffs believe that such alleged neglect demonstrates extraordinary circumstances under Rule 60(b)(6), such argument also lacks merit. See ECF No. 107 at *5.

10

> (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. After proof of these elements, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case.

Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)) (internal quotation marks omitted). Examples of such conduct may include failing to disclose or produce evidence requested in discovery. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); Montgomery v. Hall, 592 F.2d 278, 279 (5th Cir. 1979).

In this case, the plaintiffs have established none of the required elements. More specifically, the plaintiffs have not offered clear and convincing evidence that the defendants engaged in misconduct. Rather, the plaintiffs simply assert that Defendants B, allegedly knowing that plaintiff Camastro is mentally disabled, convinced him to improperly register for certain licenses. That accusation, and nothing more, fails to satisfy the clear and convincing standard. Moreover, the plaintiffs offer no evidence that any defendant engaged in misconduct throughout this case. Although the plaintiffs proceeded pro se, they were offered numerous extensions of time to obtain counsel and were informed of the consequences of proceeding pro se. Further, in light of all

11

the facts, this Court's interest in the finality of judgments clearly outweighs the plaintiffs' conclusory arguments. Based on the record, the plaintiffs have failed to prove by clear and convincing evidence that the defendants engaged in any misconduct. Therefore, the plaintiffs' motion must be denied.

C. <u>The Plaintiffs Have Not Shown Extraordinary Circumstances</u>

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just[.]" <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863 (1988). As the Supreme Court of the United States has made clear, "it should only be applied in 'extraordinary circumstances.'" <u>Id.</u> at 864 (citing <u>Ackermann v. United States</u>, 340 U.S. 193 (1950)). The United States Court of Appeals for the Fourth Circuit has also stated that "the party filing the motion [must] have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." <u>Aikens v. Ingram</u>, 652 F.3d 496, 501 (4th Cir. 2011) (citing <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993)). Nonetheless, the disposition of such motions remains within the discretion possessed by this Court. <u>Evans</u>, 871 F.2d at 472.

Here, no extraordinary circumstances exist. The plaintiffs contend that they face a continued violation of their civil rights. They point to the arrest of plaintiff Camastro for false swearing,

which was originally asserted in their complaint. As this Court already ruled in its prior memorandum opinion and order, however, the statute of limitations clearly bars that claim. ECF No. 74. Moreover, the plaintiffs provide no evidence of any continued civil rights violation. Their unsubstantiated allegations do not demonstrate that "extraordinary circumstances" exist. The plaintiffs' motion to reconsider at issue clearly lacks merit, and therefore it must be DENIED. Although not all defendants listed in this civil action responded to the plaintiffs' motion, this Court's ruling applies to all defendants in this civil action.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to reconsider (ECF No. 107) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: December 17, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
